MAISOUN SULFAB (320673)
Sulfab Law Office, P.C.
369 Pine Street
Ste 600
San Francisco, CA 94104
(415) 360-5266
sulfab@sulfablaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

Victor Hugo Lopez-Aldama

Petitioner,

v.

Jaime Rios, Acting Field Office Director, Los Angeles Field Office,

Warden, Desert View Facility,

Markwayne Mullin, Secretary of the United States, Department of Homeland Security,

David Venturella, Acting Director U.S. Immigration and Customs Enforcement,

and

Todd Blanche, Attorney General U.S. Department of Justice,

Respondents.

Case No:.

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**

1. The Petitioner, Victor Hugo Lopez-Aldama ("Petitioner"), through undersigned counsel, requests issuance of a Writ of Habeas Corpus and a Complaint seeking an order requiring Respondents to immediately release Petitioner from unlawful immigration detention, or, in the alternative, to provide a prompt individualized custody hearing before a neutral decision maker pursuant to 8 U.S.C. § 1226(a) or, in the alternative, 8 U.S.C. § 1231(a)(6), at which the government bears the burden of proving that Petitioner's continued detention is lawful, necessary, and constitutionally permissible.

2. Petitioner is a native and citizen of Cuba who last entered the United States on or about April 17, 2022, after having been paroled into the United States by the Department of Homeland Security pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act. (Exhibit A). On September 2, 2022, an immigration judge affirmed a negative credible fear determination without taking testimony and returned the matter to U.S. Department of Homeland Security ("DHS"), no removal order was entered and the Immigration Court did not retain jurisdiction. Petitioner has since resided openly in the United States, obtained employment authorization, and pursued lawful permanent residence under the Cuban Adjustment Act. (Exhibits B, D).

3. Because Petitioner remains in custody, his ability to obtain and review the complete administrative record underlying his detention, including any charging document or custody classification, is limited. Petitioner is not in removal proceedings before the Immigration Court under 8 U.S.C. § 1229a, and his detention is therefore governed by the general discretionary detention provision, 8 U.S.C. § 1226(a). To the extent Respondents have instead issued, or later produce, an expedited removal order under 8 U.S.C. § 1225(b)(1) treating the September 2, 2022 termination of proceedings as rendering Petitioner subject to an expedited order of removal, his detention would instead be governed by 8 U.S.C. § 1231(a)(6), and Petitioner pleads in the alternative that his detention has long exceeded the 90-day removal period prescribed by 8 U.S.C. § 1231(a)(1) with no significant likelihood of his removal to Cuba in the reasonably foreseeable future, as set forth below.

4. Petitioner was not detained at any point between the September 2022 termination of his credible fear proceedings and May 19, 2026, a period of more than three and a half years during which he complied with all reporting obligations, maintained valid employment authorization, and committed no crime.

5. On May 19, 2026, without any new criminal charge, without any indication that Petitioner had violated any condition of his release, and without any individualized showing that his continued detention was necessary, Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody. He is currently detained at the Desert View Facility in Adelanto, California. (Exhibit C).

6. Petitioner has been detained since May 19, 2026, notwithstanding that he has no criminal history whatsoever, has a pending application for lawful permanent residence, Form I-485, that DHS itself reopened for further adjudication, and has never been afforded any individualized determination that his continued detention is necessary.

7. Respondents' continued detention of Petitioner violates the Due Process Clause of the Fifth Amendment. Each additional day of Petitioner's detention causes him irreparable harm, including loss of liberty, interruption of ongoing medical care for a head injury and hypertension, loss of income, and significant interference with his ability to pursue his pending application for lawful permanent residence.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 2241 (writ of habeas corpus) and 28 U.S.C. § 1331 (federal question) because this action arises under the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and the United States Constitution. Because this suit seeks relief other than money damages and challenges Defendants' unlawful actions, the United States has waived sovereign immunity from this suit under the APA. 5 U.S.C. § 702.

9. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

10. Venue is proper in the Central District of California under 28 U.S.C. § 1391(e)(1) because Petitioner is in the physical custody of ICE at the Desert View Facility in Adelanto, California, within San Bernardino County and this judicial district, each Defendant is an agency of the United States or an officer of the United States sued in their official capacity, and a substantial part of the events giving rise to the claims in this action, namely, Petitioner's ongoing unlawful detention, is occurring in this District.

**PARTIES**

11. Petitioner is a native and citizen of Cuba. He last entered the United States on or about April 17, 2022, after being granted parole by DHS. He has been in the custody of ICE since May 19, 2026. He is not in pending removal proceedings before the Immigration Court, and no future hearing is currently scheduled in his case.

12. Respondent Jaime Rios is the Field Office Director of the ICE Los Angeles Field Office. In this capacity, he is responsible for the administration of immigration laws and the execution of immigration enforcement and detention policy within ICE's Los Angeles Area of Responsibility, which includes San Bernardino County, California, and the detention of Petitioner. Respondent maintains an office and regularly conducts business in this district. Respondent is sued in his official capacity.

13. Respondent, sued herein as the Warden of the Desert View Facility, is the immediate custodian of Petitioner and is responsible for Petitioner's physical detention at that facility in Adelanto, California.

14. Respondent David Venturella is the Acting Director of ICE. In this capacity, he is responsible for the nationwide administration, supervision, and enforcement of immigration detention and removal operations, including policies governing the detention of noncitizens such as Petitioner. Respondent Venturella exercises authority over ICE Field Offices, including the Los Angeles Office responsible for Petitioner's custody. He is sued in his official capacity.

15. Respondent Markwayne Mullin is the Secretary of DHS and has ultimate authority over DHS. In that capacity and through his agents, Respondent has broad authority over and responsibility for the operation and enforcement of the immigration laws; routinely transacts

business in this District; and is legally responsible for pursuing any effort to detain and remove Petitioner. Respondent is sued in his official capacity.

16. Respondent Todd Blanche is the Attorney General of the United States. He is the head of the Department of Justice and is responsible for enforcing federal laws including laws related to immigration matters. The Attorney General delegates this responsibility to the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the Board of Immigration Appeals ("BIA"). Respondent is sued in his official capacity.

**EXHAUSTION**

17. This Court should excuse any prudential administrative exhaustion requirement because requiring Petitioner to pursue administrative remedies would be futile, inadequate, and would needlessly prolong Petitioner's unlawful detention. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

18. To the extent Petitioner's detention is governed by 8 U.S.C. § 1226(a), no administrative process exists by which Petitioner can obtain a bond hearing except by requesting one from ICE or an immigration judge, and Respondents have taken no steps to afford Petitioner any such hearing despite his more than three months in custody. To the extent Respondents instead contend that Petitioner is subject to an expedited order of removal such that 8 U.S.C. § 1231(a)(6) applies, Petitioner would have no right to a bond hearing before an immigration judge at all, and any custody review available under DHS's own post-order procedures, see 8 C.F.R. § 241.4, is non-adversarial, entirely discretionary, and affords no opportunity for a hearing before a neutral decision maker. Under either scenario, requiring Petitioner to pursue further administrative process before seeking habeas relief would not provide an adequate or timely remedy. Courts have recognized that exhaustion may be excused where resort to the administrative process would be futile or inadequate. *Id.*

19. This Petition presents a legal question regarding the statutory and constitutional authority governing Petitioner's continued detention. Because the issue is one of law, because the existing administrative process does not provide a certain or prompt avenue for relief, and because each

additional day of detention inflicts irreparable harm, the Court should excuse any prudential exhaustion requirement and reach the merits of the Petition.

## FACTUAL ALLEGATIONS

20. Petitioner is a native and citizen of Cuba. Petitioner last entered the United States on or about April 17, 2022, after being paroled into the United States by DHS pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act. (Exhibit A).

21. Following a negative credible fear determination by an officer, an immigration judge reviewed that determination on September 2, 2022, in proceedings before the Immigration Court in Santa Ana, California. The Immigration Judge affirmed the negative credible fear determination without taking testimony, terminated the proceedings, and returned the matter to DHS. The Immigration Judge did not enter an order of removal, and the Immigration Court did not retain jurisdiction over Petitioner or his case.

22. Petitioner is not in removal proceedings and that no removal order has been entered against him. (Exhibit E). Petitioner accordingly pleads primarily that his detention is governed by 8 U.S.C. § 1226(a). To the extent Respondents have issued an expedited removal order under 8 U.S.C. § 1225(b)(1) based on the September 2, 2022 termination of proceedings, Petitioner pleads in the alternative that 8 U.S.C. § 1231(a)(6) governs and that his detention has long exceeded the 90-day removal period prescribed by 8 U.S.C. § 1231(a)(1), with no significant likelihood of his removal to Cuba in the reasonably foreseeable future.

23. Notwithstanding the September 2, 2022 termination of proceedings, ICE did not take Petitioner into custody at that time. Petitioner remained at liberty in the United States, applied for adjustment of status to that of a lawful permanent resident under the Cuban Adjustment Act of November 2, 1966, and was granted employment authorization valid from April 3, 2024, through April 2, 2029. (Exhibits B, D).

24. On April 2, 2025, USCIS reopened that application for further adjudication, and it remains pending. (Exhibit D).

25. Petitioner has no criminal history whatsoever. He has never been arrested, charged, or convicted of any offense in the United States.

26. On May 19, 2026, Petitioner was taken into ICE custody without any new criminal charge and without any individualized showing that his continued detention was necessary. Petitioner is currently detained at the Desert View Facility in Adelanto, California. (Exhibit C).

27. Petitioner's case is not pending before the Immigration Court, and no future hearing is currently scheduled. (Exhibit E).

28. Petitioner suffers from a head injury and hypertension (high blood pressure) requiring ongoing monitoring and treatment. Continued detention interferes with Petitioner's ability to obtain consistent medical care for these conditions and to communicate with counsel in preparation of his pending application for lawful permanent residence.

## LEGAL BACKGROUND

### *A. Due Process Protects Noncitizens from Arbitrary and Prolonged Detention Regardless of the Statutory Provision Under Which They Are Held.*

29. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). "[F]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that the Due Process Clause protects." *Zadvydas*, 533 U.S. at 690. This constitutional guarantee applies with full force to Petitioner regardless of which statutory provision ultimately governs his detention.

30. Civil immigration detention, whether under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a)(6), is not criminal or punitive, and is authorized only to the extent it bears a reasonable relation to the government's legitimate, non-punitive purpose of ensuring a noncitizen's appearance and, where applicable, effecting removal. *Zadvydas*, 533 U.S. at 690–92, 699. Once it is no longer reasonably foreseeable that the government will succeed in removing the detained noncitizen, continued detention no longer serves that statutory purpose and raises serious constitutional concerns. *Id.* at 699–701.

31. These constitutional limits apply with particular force here, where Respondents have identified no scheduled removal date, no travel document, and no indication that Cuba will accept

Petitioner's return in the reasonably foreseeable future, and where DHS's own reopening of Petitioner's pending application for lawful permanent residence reflects that Petitioner's removal is neither imminent nor certain. Petitioner's detention is untethered from any individualized showing of necessity, and Respondents have never articulated any individualized reason why his continued confinement, without a hearing, is necessary. Under these circumstances, Petitioner's continued detention bears no reasonable relation to a legitimate governmental purpose and therefore violates substantive due process.

***B. Procedural Due Process Requires Meaningful Safeguards Before Liberty May Be Deprived.***

32. Procedural due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner" before a neutral decision maker. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972). These protections are especially critical in the context of civil detention, where the risk of erroneous deprivation of liberty is high and the individual's interest in freedom is profound.

33. The Ninth Circuit has recognized that noncitizens subject to prolonged civil immigration detention, whether under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a)(6), are entitled to a bond hearing at which the government must justify continued detention by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Diouf v. Napolitano*, 634 F.3d 1081, 1091–92 (9th Cir. 2011). Petitioner has been detained since May 19, 2026 without any individualized custody hearing whatsoever. Absent such safeguards, his detention is arbitrary and constitutionally suspect.

34. Petitioner resided openly in the United States for more than three and a half years after the September 2022 termination of his credible fear proceedings, complying with all reporting obligations and maintaining valid employment authorization, before DHS took him into custody without warning on May 19, 2026. DHS has offered no individualized explanation for why Petitioner's detention is necessary, and has never weighed Petitioner's complete absence of criminal history, his years of compliance, his medical conditions, and his pending application for lawful permanent residence against any asserted danger or flight risk. Such detention is

incompatible with the Due Process Clause as interpreted in *Zadvydas*, which forbids confinement that is untethered from a legitimate governmental purpose and imposed without adequate procedural safeguards.

***C. Due Process Requires Release or, at Minimum, a Prompt Individualized Custody Hearing, Whether Petitioner Is Detained Under § 1226(a) or § 1231(a)(6).***

35. When detention becomes constitutionally suspect, due process requires either release from custody or, at minimum, a prompt individualized hearing before a neutral decision maker to determine whether continued detention is lawful and necessary. Such relief is expressly authorized by 28 U.S.C. §§ 2241 and 2243, which empower courts to order release where custody violates the Constitution.

36. At any such hearing, the government must bear the burden of proving that continued detention is justified. See *Singh*, 638 F.3d at 1203; *Diouf*, 634 F.3d at 1091–92. In Petitioner's case, DHS has never met, and cannot meet, its burden. Petitioner has no criminal history of any kind, presents no meaningful flight risk given his more than three and a half years of open, compliant residence in the United States following the September 2022 termination of his credible fear proceedings and his pending application for lawful permanent residence, and there is no significant likelihood of his removal to Cuba in the reasonably foreseeable future. His continued detention without any hearing therefore violates the Fifth Amendment, and habeas relief is warranted under *Zadvydas* and 28 U.S.C. § 2241.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Violation of Substantive Due Process**

37. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

38. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law." U.S. Const. amend. V. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint, lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

39. Civil immigration detention, whether under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a)(6), is constitutionally permissible only when it furthers the government's legitimate goal of ensuring appearance or effecting removal within a reasonably foreseeable time. *Id.* at 690–92, 699.

40. Petitioner has no criminal history, has been living in United States for more than three and a half years without being detained, and there is no significant likelihood of his removal to Cuba in the reasonably foreseeable future. Respondents' detention of Petitioner is therefore unjustified and unlawful, and Petitioner is being detained in violation of the Due Process Clause of the Fifth Amendment.

**SECOND CLAIM FOR RELIEF**

**Violation of Procedural Due Process**

41. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

42. Procedural due process requires that before the government deprives an individual of physical liberty, it must provide notice and a meaningful opportunity to be heard before a neutral decision maker. *Zinermon*, 494 U.S. at 127; *Morrissey*, 408 U.S. at 481–82. These procedural protections apply with particular force in the immigration detention context, where the risk of erroneous deprivation of liberty is substantial. *Hernandez*, 872 F.3d at 990.

43. Respondents violated Petitioner's procedural due process rights by detaining him without any constitutionally adequate individualized custody hearing or other opportunity to contest the basis for his detention. Petitioner has been held since May 19, 2026.

44. Respondents' continued detention of Petitioner creates an unacceptably high risk of erroneous deprivation of liberty and violates procedural due process. *Hernandez*, 872 F.3d at 990.

**THIRD CLAIM FOR RELIEF**

**Unlawful Detention in Excess of Statutory Authority**

45. Petitioner realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. To the extent Petitioner is detained pursuant to 8 U.S.C. § 1226(a), Respondents lack statutory authority to continue detaining him without an individualized bond hearing once his detention becomes prolonged. See *Singh*, 638 F.3d at 1203.

47. To the extent Respondents instead contend that Petitioner is subject to an expedited order of removal and that his detention is therefore governed by 8 U.S.C. § 1231(a)(6), Respondents nonetheless lack statutory authority to continue detaining Petitioner without an individualized bond hearing. Petitioner has been detained for a substantial period following the expiration of the 90-day removal period prescribed by 8 U.S.C. § 1231(a)(1), and there is no significant likelihood that Petitioner will be removed to Cuba in the reasonably foreseeable future.

48. Whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a)(6), Respondents' authority must be exercised in a manner consistent with the Constitution and requires an individualized determination of necessity, including a bond hearing, once detention becomes prolonged. Detention that exceeds these statutory and constitutional limits is unlawful. *Zadvydas*, 533 U.S. at 690–92, 699–701; *Singh*, 638 F.3d at 1203.

49. Because Respondents are detaining Petitioner without statutory authorization and in violation of due process, he is "in custody in violation of the Constitution or laws of the United States," entitling him to habeas relief under 28 U.S.C. § 2241(c)(3).

## FOURTH CLAIM FOR RELIEF

### Entitlement to Immediate Release or, in the Alternative, a Prompt Individualized Custody Hearing

50. Petitioner realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Where immigration detention becomes constitutionally suspect, due process requires either immediate release or, at minimum, a prompt individualized bond hearing before a neutral decision maker. *Zadvydas*, 533 U.S. at 690–92, 699–701; *Demore*, 538 U.S. at 532.

52. At any such hearing, the government must bear the burden of proving that continued detention is lawful and necessary. *Singh*, 638 F.3d at 1203; *Diouf*, 634 F.3d at 1091–92.

53. Respondents cannot meet that burden here. Petitioner has no criminal history of any kind, poses no danger to the community, presents no meaningful flight risk given his more than three years of open, compliant residence in the United States and his pending application for lawful permanent residence, and there is no significant likelihood of his removal to Cuba in the reasonably foreseeable future.

54. Accordingly, this Court should issue a writ of habeas corpus ordering Petitioner's immediate release. In the alternative, the Court should order Respondents to provide Petitioner a prompt individualized bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, 8 U.S.C. § 1231(a)(6), that satisfies due process, as required by 28 U.S.C. § 2243.

**PRAYER FOR RELIEF**

Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this matter;
2. Declare that Petitioner's continued detention exceeds Respondents' statutory authority under 8 U.S.C. § 1226(a) or, in the alternative, 8 U.S.C. § 1231(a)(6);
3. Issue a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody;
4. In the alternative, to provide Petitioner a bond hearing within seven (7) calendar days, at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community;
5. Declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment;
6. Enjoin Respondents from transferring Petitioner outside this District or removing Petitioner pending these proceedings;
7. Award Petitioner his costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act and 28 U.S.C. § 2412; and
8. Grant such further relief as the Court deems just and proper.

//

//

Respectfully submitted this 28th day of August 2026.

/s/ Maisoun Sulfab

Maisoun Sulfab
*Counsel for the Petitioner*