UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

VICTOR HUGO LOPEZ-ALDAMA,

Petitioner,

v.

JAIME RIOS, et al.,

Respondents.

No. 5:26-cv-04965-JDE

ORDER REGARDING PETITION

## I.
## PROCEEDINGS

On August 28, 2026, Victor Hugo Lopez-Aldama ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus alleging his arrest and detention by immigration authorities violates his substantive and procedural due process rights and various provisions of the Immigration and Nationality Act ("INA") and related provisions. Dkt. 1 ("Petition" or "Pet."). He seeks immediate release or in the alternative a bond hearing within seven days at which the government would bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community; a declaration that his continued detention was unlawful; and an order enjoining Respondents from removing him from the district while this action is pending.

Pet. at page 12. The docket reflects that the Petition was served on Respondents through the United States Attorney's Office for the Central District of California ("USAO") by email on August 28, 2026, with the USAO added to the Court's docket on that same date, which indicates that the USAO received electronic notification by email through the Court's CM/ECF system of all subsequent filings in the action.

Also on August 28, 2026, the Court issued a Notice of General Order 26-05 (Dkt. 5, "Order"), that directed "Respondents to show cause why the writ of habeas corpus should not be granted" and included several orders regarding the briefing of this matter, including the following:

1. "Counsel for Respondent shall file a notice of appearance within 3 calendar days of the date the Clerks' Office issues this Notice"; and
2. "Respondent shall file an answer to the habeas petition no later than 7 days from the date the Clerk's Office issues this notice."

Order at 2.

The Order is based, in part, on United States District Court, Central District of California, General Order No. 26-05, issued on April 1, 2026, that directs the same briefing deadlines in all "petitions for writs of habeas corpus filed by persons seeking immigration relief." See Order at 3-7 (CM/ECF pagination) ("G.O. 26-05").

The Order also includes a letter, dated March 26, 2026, indicating that the USAO "represents United States Immigration and Customs Enforcement (ICE), and ICE employees named in their official capacity, in immigration-related habeas cases filed in the Central District of California under 28 U.S.C. § 2241" and "[e]ffective immediately, the USAO hereby consents, pursuant to 28 U.S.C. § 636(c)(1), to the disposition by either a United States Magistrate Judge or a United States District Judge (at the discretion of the Court) in all such cases." Order at 9 (CM/ECF pagination). G.O. 26-05 provides that

petitioners may consent to "Magistrate Judge jurisdiction" over immigration habeas petitions, and the USAO's general consent to such jurisdiction will be deemed final unless the USAO withdraws such general consent "within 3 days of service of the Petition or within 24 hours of service if an application for a temporary restraining order accompanies the petition." G.O. 26-05 at 1-2. Here, Petitioner "voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case" on August 28, 2026. Dkt. 3. The USAO did not withdraw its general consent within 3 days of service of the Order. As such, the case has been fully consented to the undersigned for all purposes.

Per the Order, the USAO was ordered to file a Notice of Appearance by August 31, 2026. The USAO did not do so. Per the Order, the USAO was ordered to file an Answer to the Petition by September 4, 2026. The USAO did not do so. As noted, that briefing schedule was entered to provide Respondents the opportunity to show cause why the Petition should not be granted. Respondents have failed to do so.

As Respondents have not timely opposed or responded to the Petition, the Court proceeds to rule on the Petition. For the reasons explained below, the Petition is granted, in part.

## II.

## BACKGROUND

The following facts are taken from the Petition. Respondents had an opportunity to challenge these facts but have not done so.

Petitioner is a native and citizen of Cuba who last entered the United States on or about April 17, 2022, "after being granted parole by" the Department of Homeland Security ("DHS"). Pet. ¶ 11. Petitioner provided a copy of the April 17, 2022 "Interim Notice Authorizing Parole," which confirms ICE "has decided to parole you," advising that the "parole authorization is valid for one year from" April 17, 2022, though "ICE may

also terminate parole on notice prior to the automatic termination date . . . and can be terminated at any time and for any reason." Dkt. 1-1 at 2. Petitioner does not allege that the one-year April 17, 2022, parole was extended. He avers that on September 2, 2022, an immigration judge affirmed a negative credible fear determination by a deportation officer for Petitioner without taking testimony and returned the matter to DHS without entering an order of removal or otherwise retaining jurisdiction over Petitioner or the case. Pet. ¶ 21. He claims "no removal order has been entered against" him and there are no pending Immigration Court proceedings for him. Id. ¶¶ 22.

Petitioner thereafter applied for an adjustment of status to that of a lawful permanent resident under the Cuban Adjustment Act of November 2, 1966, and was granted employment authorization valid from April 3, 2024, through April 2, 2029. Pet. ¶ 23. On April 2, 2025, United States Citizenship and Immigration Services ("USCIS") reopened Petitioner's application for adjustment of status. Id. ¶ 24. Petitioner has "no criminal history whatsoever" and has "never been arrested, charged, or convicted of any offense in the United States." Id. ¶ 25. Pet., ¶¶ 31-32. Petitioner further has "resided openly in the United States for more than three and a half years after the September 2022 termination of his credible fear proceedings, complying with all reporting obligations and maintaining valid employment authorization." Id. ¶ 34.

Nonetheless, on May 19, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody "without any indication that [he] had violated any condition of his release," and "without any individualized showing that his continued detention was necessary." Pet. ¶¶ 5, 26. He is detained at the Desert View Facility in Adelanto, California, has no case pending in Immigration Court, and has no future hearing set. Id. ¶ 27. "DHS has offered no individualized explanation for why [his] detention is necessary." Id. ¶ 34. He contends he was detained "without warning" and "without any

constitutionally adequate individualized custody hearing or other opportunity to contest the basis for his detention" and further contends there "is no significant likelihood that [he] will be removed to Cuba in the foreseeable future." Id. ¶¶ 34, 43, 47.[1] He suffers from a head injury and hypertension "requiring ongoing monitoring and treatment," and his detention "interferes with [his] ability to obtain consistent medical care for these conditions" and interferes with his ability to prepare for his pending application for lawful permanent residence. Id. ¶ 28.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States. Zadvydas v. Davis, 533

---

[1] Petitioner avers that he is not aware of any order of removal for him and, as such, contends 8 U.S.C. § 1226(a) governs his detention. Pet. ¶ 22. He notes that "[t]o the extent Respondents have issued an expedited removal order under 8 U.S.C. § 1225(b)(1)," he "pleads in the alternative that 8 U.S.C. § 1231(a)(6) governs and that his detention has long exceeded the 90-day removal period prescribed by 8 U.S.C. § 1231(a)(1) with no significant likelihood of his removal to Cuba in the reasonably foreseeable future." Id. As Respondents have not filed any timely position, the Court has no basis to conclude any order of removal exists as to Petitioner. As such, the Court concludes, based on the record before it, that Section 1226(a) governs Petitioner's detention.

U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In assessing whether due process rights have been violated, courts consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

As previously noted, "[i]t is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted)). On the limited record here, even assuming, without deciding, a liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), but its interest in detaining Petitioner under the circumstances here without a hearing is low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")). Petitioner has not shown that a post-detention bond hearing, where he is afforded the opportunity to challenge his detention, is inadequate to safeguard his assumed liberty interest. In fact, Petitioner seeks "alternative" remedies by the Petition of either release or a prompt bond hearing. At the same time, Respondents have not shown or even argued that a bond hearing is unwarranted here.

The Court finds that the alternative relief sought by Petitioner of a bond hearing held within seven days, but not with the burden of proof requested by

Petitioner, is warranted and appropriate to comport with due process and the INA. As to the burden at such bond hearing, accepting Petitioner's claim that Section 1226(a) governs his detention (and as Respondents have not offered any evidence or argument to the contrary), Petitioner shall bear the burden of proof by a preponderance of evidence that he is entitled to bond. See Rodriguez Vazquez v. Bostock, -- F.4th --, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.").

Accordingly, based on the information in the record, the alternative forms of relief sought by Petitioner, and the lack of any opposition by Respondents, the Court grants the Petition, in part, finding Petitioner is entitled to an individualized bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a), at which he shall bear the burden of proof by a preponderance of the evidence that he is not a flight risk or a danger to the community in accordance with Rodriguez Vazquez. As to all other requests for relief in the Petition, the Court finds those requests are either moot due to the relief ordered herein or are unsupported and are thus denied with prejudice. Nothing herein precludes Respondents from taking any lawful action in the future with respect to Petitioner substantive immigration proceedings.

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, and ORDERING Respondents to

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Victor Hugo Lopez-Aldama (A# 240-870-753)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C.

§ 1226(a) to consider bond (*relief neither DHS nor the Attorney General oppose*) and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to ensure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for substantive relief with prejudice as moot and/or unsupported.

Dated: September 8, 2026___

JOHN D. EARLY
United States Magistrate Judge